# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| CAROLETTA HARRIS, : | |
| Plaintiff, : | |
| | Case No. 3:09cv00260 |
| vs. : | |
| | District Judge Walter Herbert Rice |
| MICHAEL J. ASTRUE, : | Magistrate Judge Sharon L. Ovington |
| Commissioner of the Social | |
| Security Administration, : | |
| Defendant. : | |

## REPORT AND RECOMMENDATIONS[1]

### I.  Introduction

This Social Security case concerns Administrative Law Judge Thaddeus J. Armstead Sr.'s determination that Plaintiff Caroletta Harris was not eligible to receive Supplemental Security Income because she was not under a "disability" within the meaning of the Social Security Act, 42 U.S.C. §1382c.  *See* Tr. 17-27.

The case is before the Court upon Plaintiff's Statement of Errors (Doc. #6), the Commissioner's Memorandum in Opposition (Doc. #10), the administrative record, and the record as a whole.

Plaintiff challenges ALJ Armstead's decision on two main grounds:

1. ALJ Armstead committed reversible error by violating Plaintiff's right to due process when he refused to allow Plaintiff's counsel to question the medical expert on material issues.

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

> 2. ALJ Armstead committed reversible error by failing to apply the doctrine of *res judicata* and find Plaintiff met Listing 12.04A and (B).[2]

(Doc. #6 at 26, 33-37). Plaintiff seeks an Order reversing ALJ Armstead's decision and awarding her SSI or, at a minimum, an Order remanding this matter to correct certain errors in ALJ Armstead's decision.

The Commissioner seeks an Order affirming ALJ Armstead's decision.

## II. The "Disability" Requirement

The Social Security Administration provides Supplemental Security Income (SSI) to indigent individuals, subject to several eligibility requirements. Chief among these is the "disability" requirement. To receive SSI an applicant must be a "disabled individual." 42 U.S.C. §1381a; *see Bowen v. City of New York*, 476 U.S. 467, 470 (1986). The phrase "disabled individual" – as defined by the Social Security Act – has specialized meaning of limited scope. It encompasses only those who suffer from a medically determinable physical or mental impairment severe enough to prevent them from engaging in substantial gainful activity. 42 U.S.C. §1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

An SSI applicant bears the ultimate burden of establishing that he or she is under a disability. *Wyatt v. Secretary of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992).

## III. Plaintiff's Prior SSI Application and Award of Benefits

Plaintiff filed an SSI application on June 12, 2003, before she filed the application at issue in ALJ Armstead's decision and the present case. The Social Security Administration initially denied Plaintiff's prior SSI application. *Id*. But upon reconsideration in February 2004, the Social Security Administration found her to be

---

[2] The Social Security Administration's Listing of Impairments are set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1.

under a disability and eligible for SSI. (Tr. 33, 51).

A Disability Determination form indicates that as of June 17, 2003, Plaintiff was under a disability due to an affective disorder that met the criteria of Listing 12.04(A), (B).[3] *See* Tr. 33. This determination was apparently based on the opinion of psychologist, Bonnie L. Katz, Ph.D. *See* Tr. 33, 325. Dr. Katz explained in part:

> The claimant had a history of symptoms of depression, and anxiety. Per the evidence, her condition significantly worsened with the death of her mother 6/17/03.... Since 6/17/03, the claimant has had auditory hallucinations, irritability, excessive sleep, poor stress tolerance. Third party information indicates there has been no significant improvement with medication/treatment. The claimant requires significant assistance with ADL's [activities of daily living] and is noted to lash out verbally. Listing 12.04AB is met as of 6/17/03, when the [claimant's] condition worsened.

(Tr. 325).

Plaintiff received SSI for a relatively short period of time. Her Statement of Errors explains that her "benefits were terminated shortly [after June 17, 2003] due to excess income resulting from a workers' compensation settlement." (Tr. 869)." (Doc. #6 at 27).

## IV.  Plaintiff's Next SSI Application and Administrative Hearings

On September 23, 2004, Plaintiff filed another SSI application. After initial administrative denials of her application, ALJ Armstead held two administrative hearings (Tr. 860-932) and later issued his non-disability decision, which Plaintiff challenges in the present case.

Plaintiff asserted that she was under a disability beginning on April 1, 2005. (Tr. 869-70). On her claimed disability onset date and on the date of ALJ Armstead's decision, Plaintiff's age placed her in the category of a "younger person" for the purpose of resolving her SSI application. *See* 20 C.F.R. §416.963(c).

---

[3]  An SSI applicant who meets or equals the criteria of a Listing in the Listing of Impairments is under a "disability" without further inquiry. 20 C.F.R. §416.920(a)(4)(iii).

3

Plaintiff attended school through the twelfth grade. (Tr. 868). Her past jobs included work as a hand packager.

Plaintiff testified during both administrative hearings. A vocational expert and a psychological expert testified during the ALJ's second hearing.

The psychological expert, Thomas Martin, Ph.D., initially testified that Plaintiff met the criteria for "affective disorders or depression" in Listing 12.04. (Tr. 905). Upon further questioning by the ALJ, Dr. Martin realized he had reviewed "older records" – meaning records that preceded the onset date (in April 2005) of Plaintiff's claimed disability. (Tr. 914). This led Dr. Martin to conclude that he had mistakenly testified that Plaintiff met the Listings, and he further testified that Plaintiff would not meet or equal the Listings. (Tr. 914).

Dr. Martin also opined that Plaintiff would need to work in a reduced stress environment that included reduced contact with people, and that she has difficulty in maintaining social functioning both in a work situation and when she has contact with the general public. (Tr. 917-18).

Upon cross-examination by Plaintiff's counsel, Dr. Martin essentially testified that Plaintiff satisfied the criteria of Listing 12.04A(1) due to her psychomotor agitation, difficulty concentrating or thinking, and suicidal ideation. (Tr. 920-21); *see* Listing 12.05A(1)(d), (g), (h).

Plaintiff's counsel then asked Dr. Martin, "Is having problems sleeping and irritability – is that included anywhere in 12.04?" (Tr. 922). Dr. Martin answered, "Sleeping is." *Id*. Plaintiff's counsel responded, "What does – which one? What does it say?" *Id*. At this point the ALJ instructed Plaintiff's counsel not to ask Dr. Martin to interpret the Listing or to explain what criteria it contains. (Tr. 922-23). The ALJ explained, "I don't want you to ask him to go to the reg. [sic] You can see that yourself, the listing. If it meets, then pose what your question [is] to him." (Tr. 922).

After additional discussion between the ALJ and Plaintiff's counsel, counsel asked

4

Dr. Martin about Listing 12.04(B): "if you could go through each area of the B section..., where based on this record do you think she would fall?" (Tr. 923). The ALJ interrupted, "Now that has been answered already." *Id*. Although Plaintiff's counsel then disagreed, the ALJ explained, "I asked him the question. I brought up the B section because I referred him back to it.... But I didn't go into detail. But if you want to go into detail in the section, that's fine." (Tr. 923-24). Dr. Martin then essentially testified that Plaintiff met only one criteria of 12.04(B) by having marked difficulties in maintaining social functioning. Through this opinion Dr. Martin essentially testified that Plaintiff did not satisfy all the criteria under Listing 12.04(B). (Tr. 923-24). When fully credited by the ALJ, *see infra,* §V, this part of Dr. Martin's testimony supported the ALJ's conclusion that Plaintiff was not under a disability due to an affective disorder, as defined by the criteria of Listing 12.04.

## V.     **ALJ Armstead's Decision**

To determine whether Plaintiff was under a disability, and thus eligible for SSI, ALJ Armstead considered the evidence under Steps 1 through 4 of the sequential evaluation procedure required by Social Security Regulations. *See* Tr. 18-27; *see also* 20 C.F.R. §416.920(a)(4).

The ALJ's most pertinent findings began at step three where he concluded that Plaintiff's impairments did not meet or equal the criteria of an impairment in the Listings. (Tr. 20-22).

At step four ALJ Armstead concluded that Plaintiff could perform her past relevant work as a hand packager. (Tr. 28). This conclusion ended the ALJ's sequential evaluation because Plaintiff's ability to perform such work mandated the conclusion she was not under a disability. 20 C.F.R. §416.920(a)(4)(iv) ("If you can still do your past relevant work, then we [the Social Security Administration] will find that you are not disabled."); *see also* §416.920(f).

5

## VI. Discussion

Judicial review of an ALJ's decision proceeds along two lines: " whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r. of Social Security*, 581 F.3d 399, 406 (6th Cir. 2009); *see Bowen v. Comm'r. of Soc. Sec.*, 478 F3d 742, 745-46 (6th Cir. 2007).

### A. Plaintiff's Due Process Challenge

Plaintiff contends that the ALJ violated her constitutional right to due process by failing to provide her with the opportunity to ask Dr. Martin all questions material to the issues as required by the Commissioner's Regulations, specifically 20 C.F.R. §416.1450(e).[4] Plaintiff maintains, "the ALJ did not permit Plaintiff's counsel to ask Dr. Martin to review the specific requirements in Listing 12.04A and offer testimony concerning which symptoms were currently present or absent (Tr. 922-23)." (Doc. #6 at 34-35). Plaintiff concludes that this constituted clear error. *Id*. at 35.

"Due process requires that a social security hearing be 'full and fair.'" *Flatford v. Chater*, 93 F.3d 1296, 1305 (6th Cir. 1996)(citation omitted). "The essence of due process is the requirement that 'a person in jeopardy of serious loss [be given] notice of the case against him and opportunity to meet it.' All that is necessary is that the procedures be tailored, in light of the decision to be made, to 'the capacities and circumstances of those who are to be heard,' to insure that they are given a meaningful opportunity to present their case." *Id*. at 1306 (internal citations omitted).

Contrary to Plaintiff's argument, the ALJ did not deprive her of a meaningful opportunity to cross examine Dr. Martin or otherwise present her case. The ALJ

---

[4] This Regulations states, in pertinent part, "The administrative law judge may ask the witnesses any questions material to the issues and shall allow the parties or their designated representatives to do so." 20 C.F.R. §416.1450(e).

6

permitted Plaintiff's counsel the opportunity to cross-examine Dr. Martin, and she did so. The only limitation the ALJ placed on counsel's cross-examination was to instruct her not to ask Dr. Martin to describe Listing 12.04's contents or criteria. The ALJ otherwise left Plaintiff's counsel significant room to question Dr. Martin, especially by providing counsel with a fair opportunity to question Dr. Martin about which elements of Listing 12.04(A) Plaintiff satisfied. *See* Tr. 920-21. Although the ALJ interrupted counsel's cross-examination of Dr. Martin concerning whether Plaintiff satisfied Listing 12.04(B) (Tr. 922), the ALJ gave counsel a fair and meaningful opportunity to question Dr. Martin in further detail about Plaintiff's limitations under Listing 12.04B. This occurred when the ALJ acknowledged that his questioning of Dr. Martin about Listing 12.04B did not go into detail, and when the ALJ then gave counsel the chance to question Dr. Martin in more detail. (Tr. 923-24)("if you want to go into detail in the section, that's fine.").

Upon further questioning by Plaintiff's counsel, Dr. Martin testified, in substance, that Plaintiff did not satisfy the criteria 12.04B. (Tr. 924). Once Dr. Martin expressed this opinion, counsel choose not to ask him additional questions, and the ALJ did not stop counsel from questioning Dr. Martin further. (Tr. 924).

For the above reasons, the ALJ provided Plaintiff's counsel with full and fair opportunity to cross-examine Dr. Martin as required by due process and in compliance with 20 C.F.R. §416.1450(e).

### B. Plaintiff's Res Judicata Challenge

Plaintiff contends that the ALJ erred by not discussing or applying res judicata as required by *Drummond v. Commissioner of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997) to the Social Security Administration's prior determination that she met Listing 12.04.

The Court of Appeals held in *Drummond*, "Absent evidence of improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ." 126 F.3d at 842 (citations omitted). "The burden is on the Commissioner to prove changed

7

circumstances and therefore escape the principles of res judicata." *Drummond*, 126 F.3d at 843.

In the present case the Commissioner argues that *Drummond* applies only to prior ALJ decisions, not to other agency decisions. Consequently, according to the Commissioner, ALJ Armstead was not obligated by *Drummond* to discuss or apply res judicata to the prior disability examiner's determination that Plaintiff met Listing 12.04.

The Commissioner's contention lacks merit. Although the previous administrative decision was not made by an ALJ, it did constitute a determination by the Social Security Administration that Plaintiff met Listing 12.05. *See* Tr. 33, 51; *cf.* 20 C.F.R. §401.901 (defining "determination" to include "the initial determination or the reconsidered determination"). Such determinations are "subject to the doctrine of administrative res judicata." *Drummond,* 126 F.3d at 841 (citing *Draper v. Sullivan,* 899 F.2d 1127, 1130 (6th Cir.1990)). This determination, moreover, constituted a final decision concerning Plaintiff's entitlement to benefits because it resulted in Plaintiff actually receiving SSI. *See* Tr. 51 (Notice of Award explaining to Plaintiff that she was both medically and non-medically eligible to receive SSI and explaining the amount of benefits she would receive). "When the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." *Drummond*, 126 F.3d at 842.

To avoid *Drummond* the Commissioner parenthetically and partially quotes Acquiescence Ruling 98-4(6), 1998 WL 283902 (June 1, 1998), as follows: *"Drummond* 'applies only to a finding of a claimant's residual functional capacity ... which was made in a final decision by an ALJ or the Appeals Council on a prior disability claim.[']"[5] (Doc. #10 at 55). Yet on this point, AR 98-4(6) is inconsistent with the statement in *Drummond*, just quoted, that "[a]n initial determination is subject to the doctrine of

---

[5] The omitted language of AR 98-4(6) indicates that *Drummond* applies to other required findings at a step of an ALJ's sequential evaluation, "as appropriate...." 1998 WL 283902 at *3).

8

administrative res judicata." *Drummond,* 126 F.3d at 841. AR 98-4(6) does not aid the Commissioner in overcoming the ALJ's failure to discuss or apply *Drummond* because ALJs in this District must follow *Drummond* and may not avoid doing so based AR 98-4(6)'s omission of *Drummond*'s direction to ALJs to consider res judicata. The Commissioner's Acquiescence Rulings – like the Commissioner's Regulations – are not the supreme law of the land. "It is, emphatically, the province and duty of the judicial department, to say what the law is," *Marbury v. Madison,* 1 Cranch 137, 2 L.Ed. 60 (1803), and the [Commissioner] will ignore that principle at [her] peril.'" *Hutchinson for Hutchinson v. Chater,* 99 F.3d 286, 287-88 (8th Cir.1996) (other citations omitted) (brackets in *Hutchinson*).

It is, moreover, questionable whether AR 98-4(6) is fully consistent with *Drummond* since AR 98-4(6) does not use the phrase "improvement in a claimant's condition" when instructing ALJs how to apply *Drummond*. It instead permits ALJs to use "new and material evidence relating to such a [prior] finding ..." to avoid administrative res judicata without considering whether such evidence also shows improvement in a claimant's condition. This leaves an ALJ free to overlook the Commissioner's burden, under *Drummond*, to point to evidence of improvement in a claimant's condition. *See Drummond*, 126 F.3d at 841-42.

Accordingly, ALJ Armstead's failure to address or apply *Drummond* constituted error.

    C.    **<u>Remand for Further Proceedings</u>**

If the ALJ failed to apply the correct legal standards or his factual conclusions are not supported by substantial evidence, the Court must decide whether to remand the case for rehearing or to reverse and order an award of benefits. Under Sentence Four of 42 U.S.C. §405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*,

501 U.S. 89, 99 (1991). Remand is appropriate if the Commissioner applied an erroneous principle of law, failed to consider certain evidence, failed to consider the combined effect of impairments, or failed to make a credibility finding. *Faucher v. Secretary of H.H.S.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and because the evidence of a disability is not strong while contrary evidence is weak. *See Faucher*, 17 F.3d at 176.

Plaintiff, however, is entitled to an Order remanding this case to the Social Security Administration pursuant to Sentence Four of §405(g) due to the ALJ's failure to discuss or apply *Drummond*, 126 F.3d 837 to the prior administrative determination that Plaintiff met Listing 12.04. On remand the ALJ should be directed to (1) determine administrative res judicata applies to the prior administrative determination that Plaintiff met Listing 12.04; (2) determine whether the Commissioner has met his burden to show medical improvement as set forth in *Drummond*; (3) review Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and thus eligible to receive SSI.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The ALJ's decision be vacated;

2. No finding be made regarding whether Plaintiff is under a "disability" within the meaning of the Social Security Act;

3. This matter be remanded to the Social Security Administration pursuant to Sentence Four of 42 U.S.C. §405(g) for further proceedings consistent with this Report and Recommendations, and any decision adopting this Report and Recommendations; and

4. The case be terminated on the docket of this Court.

May 21, 2010
          s/ Sharon L. Ovington
Sharon L. Ovington
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Am,* 474 U.S. 140 (1985).