# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CAROLETTA HARRIS, | : | |
| Plaintiff, | : | |
| | | Case No. 3:09cv00260 |
| vs. | : | |
| | | District Judge Walter H. Rice |
| MICHAEL J. ASTRUE, | : | Magistrate Judge Sharon L. Ovington |
| Commissioner of the Social Security Administration, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

## I. Background

The Equal Access to Justice Act (EAJA) requires the Government to pay a prevailing Social Security Plaintiff's attorney fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. §2412 (d)(1)(A); *see Marshall v. Commissioner of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006). The parties in the instant case dispute whether the Government must pay Plaintiff Caroletta Harris' attorney fees under the EAJA. (Doc. #s 16, 17).

Plaintiff seeks an award of attorney fees under the EAJA in the total amount of

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

$3,359.67. (Doc. # 16). The Government contends that Plaintiff is not entitled to an EAJA award because its position in support of the ALJ was substantially justified.

The Court previously determined in this case that an Administrative Law Judge (ALJ) erred by not discussing or applying res judicata, as required by *Drummond v. Commissioner of Social Sec.*, 126 F.3d 837 (6th Cir. 1997), to the Social Security Administration's prior determination that Plaintiff was eligible for benefits because her impairments met Listing 12.04. (Doc. # 11). As a result, the Court vacated the ALJ's nondisability determination and remanded this matter to the Social Security Administration under sentence four of 42 U.S.C. §405(g) for further proceedings. (Doc. #s 11, 13).

The Government argues that its support of the ALJ's decision had a reasonable basis in fact and law. The Government explains, consistent with its earlier contentions in this case, that *Drummond* and res judicata only apply to prior determinations by an ALJ and do not apply to other administrative determinations. The Government reasons, "And since there was no prior ALJ or Appeals Council decision, ALJ Armstead was not obligated under *Drummond* to give *res judicata* effect to this prior determination, or otherwise rely on new and material evidence." (Doc. # 7, PageID at 104). The Government emphasizes that 20 C.F.R. § 404.905, as cited in *Drummond*, 126 F.3d at 840, embodies the principle of claim preclusion in that it bars relitigation of the same claim as had previously been decided.

**II.     Discussion**

In the present case, Plaintiff became a prevailing party when she obtained a remand under sentence four of 42 U.S.C. §405(g) for further administrative proceedings. *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993).  The parties' dispute thus focuses on whether the Government's position in support of the ALJ's decision was substantially justified.  *See, e.g., Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541 (1988).

> A position is substantially justified when it is "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565, 108 S.Ct. 2541.  Stated otherwise, a position is substantially justified when it has a "reasonable basis both in law and fact." *Id*.  The fact that . . . the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified. *See id*. at 569, 108 S.Ct. 2541; *Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989).  Indeed, "Congress did not . . . want the 'substantially justified' standard to 'be read to raise a presumption that the Government position was not substantially justified simply because it lost the case. . . .'" *Scarborough* [*v. Principi*, 541 U.S. 401, 415, 124 S.Ct. 1856, 1866 (2004)] (quoting *Libas, Ltd. v. United States*, 314 F.3d 1362, 1365 (Fed. Cir. 2003)).

*Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004).  The Government bears the burden of establishing that its position was substantially justified.  *Scarborough*, 541 U.S. at 414-15, 124 S.Ct. at 1865-66.

Consistent with its prior contentions in this case, the Government relies on Acquiescence Rule 98-4(6) issued by the Social Security Administration in response to *Drummond*.  Acquiescence Rule 98-4(6) states:

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an

> *ALJ or the Appeals Council* on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.

(Doc. #17, Page ID at 105 (quoting 63 Fed. Reg. at 29773)(emphasis added by Government)). The Government seizes on its emphasized (italicized) language "*ALJ or the Appeals Council*" to demonstrate that AR 98-4(6) gave it a reasonable basis in law and fact to support the ALJ's decision. The Government's reliance on AR 98-4(6) is unavailing due to certain flaws in AR 98-4(6). Discussing both AR 98-4(6) and *Drummond*, the Court explained earlier in this case:

> Although the previous administrative decision was not made by an ALJ, it did constitute a determination by the Social Security Administration that Plaintiff met Listing 12.05. *See* Tr. 33, 51; *cf.* 20 C.F.R. §401.901 (defining "determination" to include "the initial determination or the reconsidered determination"). Such determinations are "subject to the doctrine of administrative res judicata." *Drummond,* 126 F.3d at 841 (citing *Draper v. Sullivan,* 899 F.2d 1127, 1130 (6th Cir.1990)). This determination, moreover, constituted a final decision concerning Plaintiff's entitlement to benefits because it resulted in Plaintiff actually receiving SSI. *See* Tr. 51 (Notice of Award explaining to Plaintiff that she was both medically and nonmedically eligible to receive SSI and explaining the amount of benefits she would receive). "When the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." *Drummond*, 126 F.3d at 842.
>
> To avoid *Drummond* the Commissioner parenthetically and partially quotes Acquiescence Ruling 98-4(6), 1998 WL 283902 (June 1, 1998), as follows: *"Drummond* 'applies only to a finding of a claimant's residual functional capacity ... which was made in a final decision by an ALJ or the Appeals Council on a prior disability claim.[']" (Doc. #10 at 55). Yet on this point, AR 98-4(6) is inconsistent with the statement in *Drummond*, just quoted, that "[a]n initial determination is subject to the doctrine of

4

> administrative res judicata." *Drummond,* 126 F.3d at 841. AR 98-4(6) does not aid the Commissioner in overcoming the ALJ's failure to discuss or apply *Drummond* because ALJs in this District must follow *Drummond* and may not avoid doing so based AR 98-4(6)'s omission of *Drummond*'s direction to ALJs to consider res judicata. The Commissioner's Acquiescence Rulings – like the Commissioner's Regulations – are not the supreme law of the land. "It is, emphatically, the province and duty of the judicial department, to say what the law is," *Marbury v. Madison,* 1 Cranch 137, 2 L.Ed. 60 (1803), and the [Commissioner] will ignore that principle at [her] peril.'" *Hutchinson for Hutchinson v. Chater,* 99 F.3d 286, 287-88 (8th Cir.1996) (other citations omitted) (brackets in *Hutchinson*).
>
> It is, moreover, questionable whether AR 98-4(6) is fully consistent with *Drummond* since AR 98-4(6) does not use the phrase "improvement in a claimant's condition" when instructing ALJs how to apply *Drummond.* It instead permits ALJs to use "new and material evidence relating to such a [prior] finding . . ." to avoid administrative res judicata without considering whether such evidence also shows improvement in a claimant's condition. This leaves an ALJ free to overlook the Commissioner's burden, under *Drummond*, to point to evidence of improvement in a claimant's condition. *See Drummond*, 126 F.3d at 841-42.

(Doc. # 11, PageID at 65-66; *see* Doc. #13). Although the Government again relies on AR 98-4(6) in its opposition to Plaintiff's Amended EAJA Motion, the Government's contentions do not sufficiently address the above-discussed flaws in AR 98-4(6) or its inconsistent and unwarranted narrowing effect on *Drummond*. Consequently, the Government has not shown that its position in this litigation was substantially justified.

Accordingly, Plaintiff is entitled to an EAJA award.

One issue remains: Plaintiff's counsel seeks to increase the $125 hourly rate set by Congress in 1996 to $170.11 per hour. Counsel states, "Attached are a Memorandum. . . , a list of work done and the time spent on this matter in this Court, and a chart showing the cost of living in this area since March 1996." (Doc. #16, PageID at 94).

"In requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase. Plaintiffs must 'produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant*, 578 F.3d at 450 (internal citation omitted). "In accordance with the Sixth Circuit decision in *Bryant*, the submission of the Consumer Price Index, standing alone, is insufficient to satisfy the burden of proving that the higher hourly rate requested by counsel is justified." *Douglas v. Astrue, Commissioner of Social Sec.*, 2012 WL 931100 at *2 (S.D. Ohio, March 19, 2012)(Rice, D.J.). Counsel, moreover, has offered no affidavit or other evidence supporting his conclusion that the requested rate is "'in line with those prevailing in the community for similar services offered by lawyers of reasonably comparable skill, experience, and reputation . . . .'" *Id.* (quoting *Bryant*, 578 F.3d at 450). Consequently, Plaintiff's counsel has not met his burden of showing that the increase he requested in the statutory cap of $125 per hour is warranted. *See id.*

Accordingly, Plaintiff is entitled to an EAJA award of attorney fees calculated as follows:

    19.75 (hours of attorney work)  x  $125 = $2,468.75

                       **IT IS THEREFORE RECOMMENDED THAT:**

    1.       Plaintiff's Motion For Attorney Fees Under Equal Access To Justice Act, 28 U.S.C.§2412(d) (Doc. #16) be GRANTED;

      2.       Plaintiff be granted an award of attorney fees in the total amount of $2,468.75; and

      3.       The case remain terminated on the docket of this Court.


April 25, 2012

                                              s/ Sharon L. Ovington
                                                Sharon L. Ovington
                                       United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).